

**Service of Process Transmittal**
10/09/2017
CT Log Number 532066989

**TO:** Kathy Owen, Paralegal
Huntington Ingalls Industries, Inc.
4101 Washington Ave # 909-7
Newport News, VA 23607-2734

**RE:** **Process Served in Louisiana**

**FOR:** Huntington Ingalls Incorporated  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FRANK LABARRE, Pltf. vs. BIENVILLE AUTO PARTS, INC., et al., Dfts. // To: HUNTINGTON INGALLS INC. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | Orleans Civil District Court, Parish of Orleans, LA<br>Case # 201709293 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/09/2017 at 09:00 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after service |
| **ATTORNEY(S) / SENDER(S):** | Scott R. Bickford<br>Martzell & Bickford<br>338 Lafayette Street<br>New Orleans, LA 70130<br>504-581-9065 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/09/2017, Expected Purge Date: 10/14/2017<br><br>Image SOP<br><br>Email Notification,  Kathy Owen  Kathy.Owen@hii-co.com<br><br>Email Notification,  Jan White  jan.white@hii-co.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of  1 / IP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| ATTORNEY'S NAME: | Bickford, Scott R 01165 |
| AND ADDRESS: | 338 Lafayette Street, New Orleans, LA 70130-1101 |

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2017-09293      DIVISION: F      SECTION: 07

### LABARRE, FRANK

### Versus

### BIENVILLE AUTO PARTS, INC. ET AL

### CITATION

TO:     HUNTINGTON INGALLS INC.

THROUGH:     ITS REGISTERED AGENT

CT CORPORATION SYSTEM, 3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA September 29, 2017**

Clerk's Office, Room 402, Civil Courts      DALE N. ATKINS, Clerk of
421 Loyola Avenue      The Civil District Court
New Orleans, LA      for the Parish of Orleans
     State of LA
     by _____
     Pierce Moore, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of ____ served a copy of the within | On this ____ day of ____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON HUNTINGTON INGALLS INC. | ON HUNTINGTON INGALLS INC. |
| THROUGH: ITS REGISTERED AGENT | THROUGH: ITS REGISTERED AGENT |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said HUNTINGTON INGALLS INC. being absent from the domicile at time of said service. |
| No. ____ | |
| Deputy Sheriff of ____ | |
| Mileage: $ ____ | |
| _____/ ENTERED /_____ | Returned the same day |
| PAPER     RETURN | ____ No. ____ |
| ____/____/____ | Deputy Sheriff of ____ |
| SERIAL NO.     DEPUTY     PARISH | |

ID: 9750712      Page 1 of 1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO.                                                             DIVISION:

FILED
2017 SEP 27 P 2:19
CIVIL
DISTRICT COURT

**FRANK LABARRE**

VS.

**BIENVILLE AUTO PARTS, INC., HONEYWELL INTERNATIONAL, INC., BORG WARNER MORSE TEC LLC AS SUCCESSOR-BY MERGER TO BORG WARNER CORPORATION, FORD MOTOR COMPANY, AND HUNTINGTON INGALLS INC., F/K/A NORTHROP GRUMMAN SHIPBUILDING INC., F./K/ NORTHROP GRUMMAN SYSTEMS, INC., F/K/A AVONDALE INDUSTRIES, INC., F/K/A AVONDALE SHIPYARDS, INC., FLEET TIRE SERVICE, INC., and UNITED FIRE & CASUALTY COMPANY**

FILED: _____      _____
                                                            DEPUTY CLERK

**PETITION FOR DAMAGES**

NOW INTO COURT, by and through undersigned counsel, comes Petitioner, **FRANK LABARRE** (herein referred to as "Petitioner"), a person of the full age of majority who is domiciled in Jefferson Parish, Louisiana, who for a cause of action respectfully represents the following:

1.

For all times pertinent Petitioner, **FRANK LABARRE**, is a person of the full age of majority and a resident of Metairie, Jefferson Parish, Louisiana (hereinafter "**Brake Defendant**").

2.

Made Defendant, **HUNTINGTON INGALLS INC., F/K/A NORTHROP GRUMMAN SHIPBUILDING INC., F./K/ NORTHROP GRUMMAN SYSTEMS, INC., F/K/A AVONDALE INDUSTRIES, INC., F/K/A AVONDALE SHIPYARDS, INC.** (hereinafter "**Premises Defendant**"), a foreign corporation, licensed to do and doing business in the state of Louisiana.

3.

Made, Defendant, **BIENVILLE AUTO PARTS, INC.**, a Louisiana corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana (hereinafter "**Brake Defendant**").

1

4.

Made Defendant, **HONEYWELL INTERNATIONAL, INC.**, (hereinafter **"Brake Defendant"**) formerly known as AlliedSignal, Inc., individually and as successor-in-interest to Allied Chemical Corporation, as successor-in-interest to the Bendix Corporation, a Delaware corporation which at all material times relevant hereto was licensed to do and doing business in the State of Louisiana.

5.

Made Defendant, **BORG WARNER MORSE TEC LLC AS SUCCESSOR-BY MERGER TO BORG WARNER CORPORATION** (hereinafter **"Brake Defendant"**) is a Delaware corporation licensed to do and doing business in the State of Louisiana.

6.

Made Defendant, **FORD MOTOR COMPANY**, (hereinafter **"Brake Defendant"**), is a Delaware corporation licensed to do and doing business in the State of Louisiana.

7.

Made Defendant, **FLEET TIRE SERVICE, INC.**, a Louisiana corporation which at all material times relevant hereto licensed to do and doing business in the Parish of Orleans, State of Louisiana.

8.

Made Defendant, **UNITED FIRE & CASUALTY COMPANY**, an insurer for Bienville Auto Parts, Inc., a foreign insurance company authorized to do and doing business in the State of Louisiana, was at all pertinent times an insurance provider for Bienville Auto Parts, Inc., and had in full force and effect one or more primary or excess policies of insurance extending coverage(s) for the matter sued for herein. This Defendant is liable to Petitioner pursuant to the Louisiana Direct Action Statute, La. R.S. 22:655.

## VENUE

9.

Venue is proper in Orleans Parish because Petitioner's exposure to asbestos-containing products occurred in Orleans Parish. Further, several defendants including but not limited to, Avondale, Bienville Auto Parts, Inc., and Fleet Tire Service, Inc. are domiciled in Orleans Parish or were domiciled in Orleans Parish at the time of Petitioner's exposure to asbestos.

2

## FACTS

10.

Petitioner avers that his exposure to asbestos resulted from his work with and around asbestos-containing friction (brake) products from approximately 1948 to 2007. On a daily basis during his employment, Petitioner incurred substantial exposure to asbestos in the normal routine course of his work. Petitioner, who is eighty-nine years old, was diagnosed with a probable asbestos-related lung condition in October 2016.

11.

From approximately 1948 until 2007 Frank Labarre was employed by automobile repair shops throughout the Louisiana area where he performed or was around others performing brake repairs.

12.

Upon information and belief, over the course of his employment in the automobile repair industry, Frank Labarre was exposed to asbestos-containing brake products manufactured by several defendants including but not limited to, Honeywell International, Inc., Borg-Warner Corporation and Ford Motor Company.

## LIABILITY OF BRAKE DEFENDANTS

13.

Brake Defendants during all the times mentioned herein and for a long time prior thereto, were engaged in the business of manufacturing, selling, marketing, distributing, and otherwise placing into the stream of commerce asbestos-containing products.

14.

Said products were expected to and did, in fact, reach the ultimate users and consumers in substantially the same condition in which they were sold.

15.

The products of Brake Defendants were defective and unreasonably dangerous in their design and marketing, which was a producing cause of the injuries and damages claimed herein.

16.

Frank Labarre alleges that Brake Defendants breached warranties to him in the following respects:

3

a)  That Brake Defendants knew or in the exercise of reasonable care ought to have known that their products were defective, and that such products were not suitable for the purposes for which they were intended;

b)  That Brake Defendants should have tested their products, especially those containing asbestos, to ascertain the safe or dangerous nature of such products before offering them for sale, or in the alternative, should have removed such products from the market upon ascertaining that such products would cause asbestos related diseases;

c)  That Brake Defendants should have devised a method of application for its products, especially those containing asbestos, that would have kept those using such products from contracting asbestos related diseases if Brake Defendants would not remove such products from sales to the public; and

d)  That the products of Brake Defendants, especially those containing asbestos, were warranted, either expressly or impliedly, to be merchantable, when in truth they were not, and therefore, Brake Defendants breached to Frank Labarre, as well as to others, the warranty of merchantability.

17.

Brake Defendants' breach of implied and expressed warranties resulted directly in and/or caused and contributed to Frank Labarre's injuries and the damages to him as set forth herein.

18.

Petitioner alleges that Brake Defendants are strictly liable and/or negligent in their failure to warn in the following respects:

1. Negligent Failure to Warn

   That Brake Defendants knew or in the exercise of ordinary or reasonable care ought to have known that the asbestos products they manufactured, sold, packaged, supplied, marketed, delivered and distributed was deleterious, poisonous, and highly harmful to Frank Labarre's body, lungs, respiratory system, skin and health, notwithstanding which, Brake Defendants negligently failed to take any reasonable precautions or exercise reasonable care to warn Frank Labarre of the danger and harm to which he was exposed while handling Brake Defendants' products; and

   That Brake Defendants knew or in the exercise of ordinary care ought to have known that their said asbestos was deleterious, poisonous, and highly harmful to the Frank Labarre's body, lungs, respiratory system, skin and health, notwithstanding which, Brake Defendants failed and omitted to provide Frank Labarre with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful compound substances and other material contained in said Brake Defendants' products.

4

    2.    Strict Products Liability, Unreasonably Dangerous Due to Defective Design

That Brake Defendants packaged asbestos products in such a manner that in the ordinary handling of the packaging, Frank Labarre came in contact with such deleterious, poisonous and highly harmful asbestos dust and fiber;

That the Brake Defendants failed to design their packaging and products in such a manner so as to advise and warn foreseeable users, including Frank Labarre, by placing warnings on its containers of said product and/or otherwise in a way, to advise the handlers, other users and bystanders of the dangers of exposure with said Products; and

    3.    Unreasonably Dangerous Per Se

That Brake Defendants' products were unreasonably dangerous per se.

19.

Further, that Brake Defendants are liable to Petitioner as professional vendors of asbestos-containing products, and as such, because of the defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products they sold, and negligently failed to warn the users of potential health hazards from the use of said products.

20.

That Brake Defendants are liable to Frank Labarre because they knew or should have known that the asbestos products which they sold and supplied were unreasonably dangerous in normal use, and their failure to communicate said information rendered them negligent to Petitioners, and such negligence was the cause of Frank Labarre's probable asbestos-related lung condition.

21.

Frank Labarre's exposure to Brake Defendants' unreasonably dangerous products substantially caused the injuries complained of herein.

22.

Petitioner was exposed to asbestos-containing products manufactured, supplied, distributed, marketed, sold or otherwise provided by Brake Defendants directly and as a bystander, and/or because it was necessary for him to work near and with Brake Defendants' products in the normal course and scope of his occupation.

23.

Frank Labarre's exposure to Brake Defendants' products and to the respirable asbestos dust and fibers that the products produced was a reasonably anticipated and foreseeable event, and was the cause of Frank Labarre's probable asbestos-related lung condition.

## **LIABILITY OF PREMISE OWNER DEFENDANTS**

Petitioner alleges and asserts the following allegations:

24.

The **Premises Defendants** owned and/or operated facilities where petitioner, Frank Labarre, worked with and around asbestos-containing products while performing job duties unrelated to the business of the Premises Defendants between the years 1948 and 2007, inclusive.

25.

During this time period while performing his job duties during the normal course and scope of his employment at the **Premises Defendants** facilities, petitioner was exposed to hazardous levels of asbestos dust and/or fiber which caused him to develop a probable asbestos-related lung condition.

26.

The **Premises Defendants** were aware or should have been aware of the dangerous condition presented by exposure to asbestos and other toxic substances, and that Frank Labarre would suffer from ill health effects as a result of this exposure, but they failed and/or willfully withheld from Mr. Labarre knowledge of the dangers to his health from exposure to asbestos fiber and other toxic substances.

27.

The **Premises Defendants** had the responsibility of providing Frank Labarre with a safe place to work. However, they negligently failed to carry out this duty and failed to protect Frank Labarre from the dangers of asbestos dust exposure.

28.

In addition to the foregoing acts of negligence, the **Premises Defendants** were and are guilty of the following:

    a)    Failing to provide necessary protection to Frank Labarre;

    b)    Failing to provide clean, respirable air and proper ventilation;

    c)    Failing to provide necessary showers and special clothing;

    d)    Failing to warn contractors, including Frank Labarre of the risks associated with direct and bystander exposure to asbestos;

    e)    Other acts which may be revealed at the trial of this matter.

These defendants committed these negligent acts knowing full well that Frank Labarre's injuries would follow or were substantially certain to follow.

29.

For all times pertinent to this petition, Frank Labarre was exposed to and inhaled asbestos fibers that were in the custody and control of the Premises Defendants.

30.

For all times pertinent to each exposure of asbestos in the custody and control of the Premises Defendants, Petitioner, Frank Labarre, suffered injury, the combined result of which was the development of a probable asbestos-related lung condition.

31.

As to the Premises Defendants, Petitioner brings specifically a strict liability action pursuant to Louisiana Civil Code Article 2317 for the injury of Frank Labarre as a result of his exposure to and inhalation of asbestos in the custody and control of the Premises Defendants, and each of them.

32.

Petitioner's injuries are cumulative, indivisible injury for which each Defendant is jointly, severally and in solido liable.

### **DAMAGES**

As a proximate result of the fault of all of the Defendants, and each of them, and their acts and omissions as herein above alleged, and because of the harm and injury caused to Petitioner, **FRANK LABARRE**, Petitioner has suffered and prays for recovery of and reimbursement for the following items of damages:

Medical Expenses, Past and Future;

Physical and Mental Pain and Suffering, Past and Future;

7

Loss of income, Past and Future;

All other items of damages that may be recoverable.

33.

WHEREFORE, Petitioner prays that the Defendants, **HUNTINGTON INGALLS INC., F/K/A NORTHROP GRUMMAN SHIPBUILDING INC., F./K/ NORTHROP GRUMMAN SYSTEMS, INC., F/K/A AVONDALE INDUSTRIES, INC., F/K/A AVONDALE SHIPYARDS, INC., BIENVILLE AUTO PARTS, INC., FLEET TIRE SERVICE, INC., HONEYWELL INTERNATIONAL, INC., BORG WARNER MORSE TEC LLC AS SUCCESSOR-BY MERGER TO BORG WARNER CORPORATION, FORD MOTOR COMPANY, AND UNITED FIRE & CASUALTY COMPANY** be cited to appear and answer herein as the law directs, and that upon final hearing hereof, Petitioner, **FRANK LABARRE**, recover from the Defendants, jointly and severally, for his damages as alleged, together with his costs and disbursements herein and interest on said judgments from the date of judicial demand at the proper rate of interest, and for such other and further relief, special and general, at law and in equity that the court may deem proper.

Respectfully submitted,

MARTZELL, BICKFORD & CENTOLA

_____
SCOTT R. BICKFORD, T. A. (#1165)
SPENCER R. DOODY (#27795)
CHRISTOPHER H. CARBINE (#36326)
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:   (504) 581-9065
Fax:             (504) 581-7635
**COUNSEL FOR PETITIONER**

**PLEASE SERVE:**

**HONEYWELL INTERNATIONAL, INC. (Sued individually and as successor-in-interest to Allied Signal, Inc., successor to Bendix Corporation and Allied Chemical Corporation)**
Through its agent for service:
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana 70802

**BIENVILLE AUTO PARTS, INC.**
Through its registered agent
Louis T. Wallace, Jr.
132 Vista Avenue
Jefferson, LA 70121

8

**HUNTINGTON INGALLS, INC.**
Through its registered agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**FORD MOTOR COMPANY**
Through its agent for service:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**FLEET TIRE SERVICE, INC.**
Through its agent for service:
William H. Johnston
4102 Hennican Place
Metairie, LA 70003

**UNITED FIRE & CASUALTY COMPANY**
Through its Registered Agent
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**BORG-WARNER MORSE TEC, LLC**
**Via the Louisiana Long Arm Statute**
The Corporation Trust Co.
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

9