UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK LABARRE, *et al.* | CIVIL ACTION |
| VERSUS | NO. 21-89 |
| BIENVILLE AUTO PARTS, INC., *et al.* | SECTION M (3) |

## ORDER & REASONS

Before the Court is the motion of plaintiff Karen Birdsall, individually and as proper party-in-interest for the now-deceased Frank Labarre, to remand.[1]  Huntington Ingalls Incorporated ("Avondale") opposes the motion.[2]  Birdsall replies in further support of her motion.[3]  And Avondale submits a surreply.[4]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion to remand because Avondale's removal on the basis of federal-officer jurisdiction was timely.

## I.     BACKGROUND

This case arises from personal injuries allegedly caused by exposure to asbestos.  In October 2016, Frank Labarre "was diagnosed with a probable asbestos-related lung condition."[5]  Throughout his career, from 1948 to 2007, Labarre worked as a tire repairman or salesman in automobile repair shops throughout Louisiana.[6]  He even owned his own shop, Fleet Tire Service, where he worked as a salesman and "performed brake jobs" from approximately 1961 to 2007.[7]  Labarre alleges that through his employment in the "automobile repair industry" he was regularly

---

[1] R. Doc. 7.
[2] R. Doc. 9.
[3] R. Doc. 12.
[4] R. Doc. 15.
[5] R. Doc. 1-1 at 5.
[6] *Id.*
[7] R. Doc. 7-3 at 7.

exposed to asbestos-containing brake products.[8]  Additionally, he routinely made service calls to his customers.[9]  In his complaint, he contends that Avondale, among other premises defendants, "owned and/or operated facilities where petitioner, Frank Labarre, worked with and around asbestos-containing products while performing job duties unrelated to the business of [Avondale] between the years 1948 and 2007, inclusive."[10]  When Avondale was his customer over a four-to-five-year period, Labarre spent a couple of hours at Avondale about every two weeks.[11]  His work was confined to the truck yard which was "way off" from the shipbuilding.[12]  He never went on board a ship at Avondale.[13]

On April 7, 2017, Labarre moved to perpetuate his deposition testimony.[14]  He expected to testify "that he was exposed to asbestos while working on the premises of and with materials containing asbestos which originated from Avondale Industries, Inc."[15]  On April 21, 2017, Labarre submitted his first consolidated responses to the presuit discovery requests of all defendants in all asbestos-related, personal injury and death cases.[16]  He stated that he "believe[d] he was exposed to asbestos-containing materials while on the premises of Avondale Shipyards."[17]  On September 27, 2017, Labarre filed suit against Avondale among others for exposing him to asbestos through their brake products and/or premises.[18]

---

[8] R. Doc. 1-1 at 5.
[9] R. Doc. 7-3 at 7.
[10] R. Doc. 1-1 at 8.
[11] R. Docs. 1-3 at 4, 7; 7-4 at 22, 42; 9-1 at 6, 12.
[12] R. Docs. 1-3 at 11; 7-4 at 47-48; 9-1 at 15.
[13] R. Docs. 1-3 at 11; 7-4 at 48; 9-1 at 15.
[14] R. Doc. 7-2.
[15] *Id.* at 6.
[16] R. Doc. 7-3.
[17] *Id.* at 7.
[18] R. Doc. 1-1 at 5-9.

On October 22, 2018, Labarre answered Avondale's first set of interrogatories.[19]  Avondale asked:

> If you contend that Frank Labarre sustained exposure(s) to asbestos at Avondale's premises or as a result of Avondale's operations, identify the first and last date of the alleged exposure(s), his employer at the time of such purported exposure, and specify his job description/functions during any time spent at any Avondale facilities.[20]

Labarre responded:

> Objection. Overly broad and unduly burdensome.  Plaintiffs contend that Frank Labarre was exposed to asbestos on Avondale's premises while making sales calls for Fleet Tire Services.  Please see Plaintiff's Original Petition for Damages.  Please see Plaintiff's deposition previously taken in this matter.  Discovery is ongoing at this time, and Plaintiff reserves the right to supplement this response at a later date.[21]

Labarre supplied the exact same response to Avondale's next interrogatory which asked: "If you contend that Frank Labarre sustained exposure(s) to asbestos At [*sic*] Avondale's premises or as a result of Avondale's operations, identify with specific [*sic*], each building and/or location at any Avondale premises that Frank Labarre visited or performed work."[22]

On January 6, 2018, Frank Labarre passed away.[23]  Thereafter, on March 6, 2018, the complaint was amended to include Barbara Labarre, Frank Labarre's wife, and Karen Labarre Birdsall, Frank Labarre's daughter, as plaintiffs, individually and on behalf of Frank Labarre.[24]  In November 2018, Barbara Labarre also died, leaving Birdsall as the sole-remaining plaintiff.[25]  On May 30, 2019, plaintiffs' expert, Dr. Arthur L. Frank, made mention in his report of Labarre's sales calls to "the Avondale Shipyard" on behalf of his "automotive repair and tire shop."[26]  Frank

---

[19] R. Doc. 9-4.
[20] *Id.* at 14.
[21] *Id.*
[22] *Id.*
[23] R. Doc. 1-2 at 4.
[24] *Id.*
[25] R. Doc. 7-1 at 1.
[26] R. Doc. 7-5 at 3.

outlined several potential causes of Labarre's exposure to asbestos which "would have been at levels above background, would have been medically significant, and therefore medically causative of his mesothelioma. This would have included his service in the U.S. Navy, his work with brakes, his time at the Avondale Shipyard, and any other documented exposures that may be forthcoming."[27]  On September 30, 2020, Birdsall filed her preliminary exhibit and witness lists.[28] Both lists referenced federal vessels built at Avondale but did not give any explanation about their bearing on the case.[29]  On October 9, 2020, Birdsall served Avondale with a notice of corporate deposition.[30]  The listed areas of inquiry made no mention of any vessel, federal or otherwise.[31]

On January 11, 2021, Birdsall responded to Avondale's supplemental discovery requests.[32] In these responses, Birdsall stated that "countless ships" at Avondale were among the alleged sources of Labarre's asbestos exposure.[33]  As a result, on January 14, 2021, Avondale removed the case to federal court on the basis of federal-officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).[34]  It argues that the predicate for this jurisdiction was not apparent until it received the January 11, 2021 discovery responses which first asserted "ships" as a source of Labarre's asbestos exposure.[35]  In the notice of removal, Avondale alleges two colorable federal defenses: (1) a government contractor immunity defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988); and (2) a derivative sovereign immunity defense under *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940).[36]

---

[27] *Id.* at 4.
[28] R. Docs. 7-7 & 7-8.
[29] R. Docs. 7-7 & 7-8.
[30] R. Doc. 7-9.
[31] *Id.* at 8-10.
[32] R. Doc. 1-5.
[33] *Id.* at 3.
[34] R. Doc. 1.
[35] *Id.* at 3-5.
[36] *Id.* at 9-10.

## II.    PENDING MOTION

Birdsall argues that removal is untimely because the notice was not filed within 30 days of Avondale's receipt of "other papers" which clearly laid out the elements of federal-officer jurisdiction.[37]  She contends that the defense was apparent on the face of Labarre's April 7, 2017 motion to perpetuate testimony,[38] the April 21, 2017 presuit discovery responses,[39] Labarre's April 26, 2017 perpetuation deposition,[40] his original September 27, 2017 complaint,[41] the May 30, 2019 expert report transmitted to Avondale on August 25, 2020,[42] the September 30, 2020 exhibit and witness lists,[43] and the October 9, 2020 notice of Avondale's corporate deposition.[44]  In particular, she notes that the exhibit and witness lists make myriad references to federal vessels.[45]  In essence, Birdsall argues that there is nothing new in the January 11, 2021 discovery responses that would trigger removal.[46]  In particular, she says there is no indication in those responses that the construction of vessels included *federal* vessels.[47]

In opposition, Avondale argues that the basis for removal was not unequivocally clear and certain until the January 11, 2021 discovery responses.[48]  Specifically, it contends that this was the first time vessels were identified as a source of Labarre's exposure to asbestos and that the use of

---

[37] R. Doc. 7-1 at 2-3.
[38] *Id.* at 7.
[39] *Id.* at 8.
[40] *Id.* at 8-9.
[41] *Id.* at 10.
[42] *Id.* at 11.
[43] *Id.* at 12-13.
[44] *Id.* at 13.  Labarre also lists the deposition of his expert in a different case as an "other paper."  *Id.* at 11-12.  Documents outside of the case at bar cannot form the basis for removal.  *See, e.g., Waguespack v. Avondale Indus., Inc.,* 2020 WL 5250340, at *3 (E.D. La. Sept. 3, 2020) (explaining that where "the initial pleading … did not affirmatively reveal on its face that [plaintiff's] alleged exposures were related to a federal vessel … [w]hether Avondale could have nonetheless removed the case when it was first filed based on what it actually knew or could have pieced together from the old work records is beside the point" because the Fifth Circuit has rejected a due diligence requirement for determining whether a case is removable).
[45] R. Doc. 12 at 2-5.
[46] R. Doc. 7-1 at 6.
[47] *Id.*
[48] R. Doc. 9 at 1.

5

the phrase "countless ships" to describe this source at Avondale in the period from the mid-1960s to 1990 necessarily must encompass the federal vessels that were being worked on during that time.[49]   Before these responses, asserts Avondale, "it was unclear how Mr. Labarre, as a tire salesman, was allegedly exposed to asbestos at Avondale at all."[50]

### III.    LAW & ANALYSIS

**A. No party disputes that Avondale has raised a colorable federal defense.**

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office … ."  28 U.S.C. § 1442(a)(1).  The statute allows federal officers to remove to federal court cases "that ordinary federal question removal would not reach." *Latiolais v. Huntington Ingalls, Inc*., 951 F.3d 286, 290 (5th Cir. 2020).  "In particular, section 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response." *Id*.

"[T]o remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Id.* at 296.  Courts are to give a broad interpretation to § 1442(a). *Id.* at 290-91.  Thus, the question whether to remand cases removed under the statute is weighed "without a thumb on the remand side of the scale." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018) (quoting *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 295 (5th Cir. 2017)).  In this case, Avondale raises the government contractor immunity

---

[49] *Id.* at 5-6.
[50] *Id.* at 14.

defense.[51]   Under *Boyle*, the defense applies "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."  487 U.S. at 512.  The Avondale interests relied on the same defense in *Latiolais* to successfully sustain their federal-officer removal.  951 F.3d at 297.  In the case at bar, Birdsall does not challenge Avondale's allegations of the substantive elements of the defense.  Therefore, the notice of removal adequately alleges the elements of a colorable *Boyle* defense to support a basis for federal subject-matter jurisdiction.

> **B. Avondale's removal is timely because it was filed within 30 days of the January 11, 2021 discovery responses which first made the basis for federal-officer removal "unequivocally clear and certain."**

Removals under § 1442(a)(1) are subject to the time limits set forth in 28 U.S.C. § 1446(b). *See Morgan*, 879 F.3d at 607.  Generally, a civil action must be removed within 30 days after the defendant receives a copy of the initial pleading "setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable."  *Id*. § 1446(b)(3) (emphasis added).  "The information supporting removal in a copy of an amended pleading, motion, order or other paper … must be unequivocally clear and certain to start the time limit running."  *Morgan*, 879 F.3d at 608-09 (alteration, internal quotation marks, and citation omitted).  For example, the Fifth Circuit has held that "[s]ection 1446(b)(3)'s removal

---

[51] R. Doc. 1 at 9.  Although Avondale also raises the derivative sovereign immunity defense, R. Doc. 1 at 10, because one federal defense is sufficient under § 1442(a)(1), it is unnecessary to analyze Avondale's *Yearsley* defense for purposes of federal-officer removal.

clock begins ticking upon receipt of the deposition transcript" said to constitute the "other paper," and not from the date of the oral deposition.  *Id*. at 612.

Among experienced advocates in the post-*Latiolais* world of asbestos litigation, it is hardly a secret that asbestos was used at the direction of the government to build federal vessels at the Avondale shipyard.  To provide the basis for removal, however, facts must be alleged or adduced to indicate that work on federal vessels was a source of asbestos exposure for each particular plaintiff.  Otherwise, a defendant would be forced to assert protective removals "to avoid the risk of losing his right to removal by the lapse of time."  *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 212 (5th Cir. 2002).

In the discovery that precipitated this removal, Avondale asked Birdsall to "please describe with specificity the location and manner in which you allege decedent Frank Labarre was exposure [*sic*] to asbestos while he was on a premise owned or operated by Avondale."[52]  As part of her response, Birdsall stated "countless ships were being constructed at the Main Yard and thousands of tons of asbestos was [*sic*] bought by Avondale and used, handled, cut, torn, ripped, installed and removed at the Main Yard by Avondale employees and its contractors during this time."[53]  Birdsall added that vehicles "transported asbestos to and from the Main Yard during this time. Furthermore, the tires that Frank Labarre had to inspect traversed the main yard and other areas where asbestos was used and asbestos dust had settled."[54]  Without making this connection – namely, that *ships* were a source of Labarre's asbestos exposure, it is entirely unclear how Avondale could have known unequivocally from any of plaintiff's previous statements (which had

---

[52] R. Doc. 1-5 at 3.
[53] *Id.*
[54] *Id.*

largely focused on Labarre's work as a tire salesman when visiting Avondale shipyard) that Labarre linked his exposure to any federal vessels.

Birdsall contends that her witness and exhibit lists supply the link as they contain many references to federal vessels.[55]  However, without any explanation as to what the witnesses would testify or how the exhibits would be used, there is nothing in the lists that identifies the federal vessels as a claimed source of Labarre's exposure to asbestos.  Avondale's witness list is introduced by stating: "The following witnesses may be called to testify concerning the use of and identification of asbestos-containing products at Avondale and the work practices at the shipyard."[56]  This statement says nothing about whether federal vessels were a source of the asbestos at Avondale to which Labarre was exposed.  The witnesses might just as easily have been called to testify as to the general work practices of the shipyard.  Because the general character of Labarre's work pointed to asbestos-containing brake products as the apparent source of Labarre's exposure, the lists were not nearly descriptive enough to supply the missing link to federal vessels.

Birdsall cites two cases to support her contention that the removal in the case at bar is untimely.[57]  Both are distinguishable.  In *Parfait v. Huntington Ingalls Inc.*, removal was untimely because it was filed more than 30 days after receipt of the state-court petition which alleged: "The defective condition of defendants' products, including but not limited to those aboard **destroyer escorts at Avondale**, are a proximate cause of Petitioner's injuries complained of herein."  2019 WL 4297912, at *1 (E.D. La. Sept. 11, 2019) (quotation marks omitted; emphasis in original).  In *Loupe v. Pennsylvania General Insurance Co.*, the other paper that started the clock for removal was a deposition transcript that showed the plaintiff personally worked with asbestos in the

---

[55] R. Doc. 10-3 at 2-5.
[56] R. Doc. 7-8 at 7.
[57] R. Doc. 7-1 at 5.

construction of federal ships.  2016 WL 6803531, at *3-4 (E.D. La. Nov. 17, 2016).  In contrast, a link between the federal vessels at Avondale and Labarre's asbestos exposure was not unequivocally clear and certain until Avondale's receipt of the January 11, 2021 discovery responses.

In asbestos cases involving Avondale, the experience of seasoned litigators might give rise to a suspicion that federal-officer jurisdiction may exist.  However, suspicion is not enough to start the removal clock, and a plaintiff cannot avoid a later removal by sidestepping the formulation of a clear allegation or identification that a federal vessel is the claimed source of the asbestos exposure at issue.

## IV.      CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion to remand (R. Doc. 7) is DENIED.


New Orleans, Louisiana, this 19th day of March, 2021.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE